# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PERRY BURRIS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 17-2161** |
| | : | |
| **TERESA DALBALSO**, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**October 9, 2018**

Perry Burris objects to United States Magistrate Judge Heffley's Report & Recommendation to deny Mr. Burris's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 based on ineffective assistance of trial counsel. After conducting a *de novo* review of the record and Mr. Burris's objections, we overrule Mr. Burris's objections, adopt Judge Heffley's Report & Recommendation, and dismiss Mr. Burris's petition for habeas relief.

**I. Background**

On September 17, 2008, the Honorable M. Harold Kane of the Philadelphia County Court of Common Pleas found Perry Burris guilty of rape, assault, robbery, and burglary after a bench trial.[1]

On November 13, 2008, Judge Kane sentenced Mr. Burris to three ten-to-twenty-year sentences of incarceration running consecutively, and appointed Mr. Burris counsel for post-trial motions and appeals.[2] On December 8, 2009, appointed defense counsel filed a brief under *Anders v. California*,[3] seeking to withdraw because Mr. Burris had no meritorious issues for appeal.[4] On June 8, 2010, the Pennsylvania Superior Court affirmed Mr. Burris's conviction and granted counsel's request to withdraw.[5]

On July 23, 2010, Mr. Burris filed a Post-Conviction Relief Act (PCRA) petition.[6] On March 30, 2011, the court appointed Mr. Burris counsel.[7] On December 10, 2012, Mr. Burris filed an amended PCRA petition.[8] On October 31, 2014, the PCRA court denied Mr. Burris's petition.[9] Mr. Burris's counsel submitted a Notice of Appeal, then moved to withdraw from the case.[10] On March 2, 2015, Mr. Burris submitted a *pro se* Statement of Matters complained of on appeal.[11] On June 23, 2015, the Court of Common Pleas of Philadelphia County issued a Rule 1925(a) Opinion[12] explaining its denial of Mr. Burris's PCRA petition.[13] On May 13, 2016, the Pennsylvania Superior Court affirmed the denial of Mr. Burris's PCRA petition.[14] On May 8, 2018, Mr. Burris timely petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.[15]

**II. Analysis**

We may entertain an application for writ of habeas corpus of a state prisoner challenging a state court judgment as unconstitutional.[16] We may not grant the writ unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[17]

Where state procedural remedies are effective, we may not grant a habeas petition unless the petitioner "has exhausted the remedies available in the courts of the State."[18] To satisfy the exhaustion requirement, a "federal habeas claim must have been 'fairly presented' to the state courts, i.e., it must be the substantial equivalent of that presented to the state courts."[19]

All of Mr. Burris's claims allege ineffective assistance of trial counsel under the Sixth Amendment. Under the ineffective assistance of counsel standard defined in *Strickland v.*

*Washington*, Mr. Burris must show his counsel's actions fell "outside the wide range of professionally competent assistance."[20] The petitioner must also show there is a reasonable possibility the outcome of the underlying proceeding would have been different if not for the counsel's deficient performance.[21]

Mr. Burris argues his trial counsel rendered ineffective assistance on four grounds by: stipulating DNA testing would have shown the Mr. Burris's sperm from the rape kit; denying Mr. Burris his right to a trial by jury; denying Mr. Burris his right to testify; and, failing to call important witnesses who would have testified Mr. Burris and the victim had earlier sexual encounters. Judge Heffley found all Mr. Burris's claims procedurally defaulted, meritless, or both. We agree with Judge Heffley on all counts.

### A. Mr. Burris's DNA stipulation claim is procedurally defaulted and meritless.

Mr. Burris argues trial counsel rendered ineffective assistance by stipulating DNA testing of the sperm from the rape kit would have shown it was Mr. Burris's. This claim is procedurally defaulted and meritless.

#### 1. Mr. Burris's DNA stipulation claim is procedurally defaulted.

Mr. Burris did not exhaust his claim regarding the DNA stipulation because he raised it for the first time in his appeal of his PCRA denial, so the claim is procedurally defaulted. In Mr. Burris's amended PCRA petition, he raised three arguments concerning trial counsel failing to: (1) call available witnesses who would have established Mr. Burris and the victim had "frequent sexual relations";[22] (2) conduct an adequate investigation into identified witnesses prior to trial; and, (3) consult with Mr. Burris about his right to testify.[23] Mr. Burris's grievance regarding the DNA stipulation appears for the first time in the PCRA court's 1925(a) Opinion. The PCRA court found Mr. Burris "waived" his DNA claim because he raised it for the first time in his

3

Statement of Matters.²⁴  Mr. Burris's failure to "raise and argue this issue discretely before the PCRA court precluded him from raising it subsequently on appeal before the Pennsylvania Superior Court."²⁵  Mr. Burris can only excuse his procedural default if he can show cause for the default and actual prejudice as its result.²⁶

Construing Mr. Burris's *pro se* objections liberally, it appears Mr. Burris argues he has cause for his default based on the Supreme Court's decision in *Martinez v. Ryan*.²⁷  This argument fails.  *Martinez* established two limited circumstances in which a prisoner could establish cause for procedural default: (1) if "the state courts did not appoint counsel in the initial-review collateral proceeding"; or if (2) "appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*."²⁸  The first circumstance does not exist here, because the state court appointed Mr. Burris counsel in his initial-review PCRA proceeding.  The second circumstance requires a showing the ineffective assistance claim is a "substantial one," possessing "some merit."²⁹  Mr. Burris has not made such a showing for the reasons in the next subsection.

  **2. Mr. Burris's DNA stipulation claim is meritless.**

Assuming for the sake of argument Mr. Burris did exhaust his DNA stipulation claim, we will address its merits. Mr. Burris argues his trial counsel "[tacitly] admitted"³⁰ his guilt by stipulating the sperm found inside the victim was Mr. Burris's.  Mr. Burris bases his argument on the Supreme Court's decision in *McCoy v. Louisiana*,³¹ arguing it created a new rule of constitutional law³² which guarantees a defendant the right to maintain innocence of his crime even over an experienced lawyer's contrary advice admission would constitute a better strategy.

Mr. Burris misplaces reliance on *McCoy* for several reasons.  First, *McCoy* is a capital case, and it applies to situations in which a defendant chooses to maintain innocence instead of

4

confessing guilt to avoid the death penalty.³³  Second, *McCoy* addressed structural errors warranting reversals on direct appeal, not *Strickland* habeas claims.³⁴  Third, and most fundamentally, Mr. Burris *did* maintain his innocence by presenting a consent defense.³⁵  Mr. Burris's counsel's consent defense did not fall outside the wide range of professionally competent assistance, nor did Mr. Burris suffer prejudice from it.  As Judge Heffley found, Mr. Burris's *Strickland* claim is "utterly meritless."³⁶

### B. Mr. Burris's trial-by-jury claim is procedurally defaulted and meritless.

Mr. Burris next argues his trial counsel rendered ineffective assistance by failing to honor Mr. Burris's desire for a jury trial.  This claim is procedurally defaulted and meritless.

#### 1. Mr. Burris's trial-by-jury claim is procedurally defaulted.

Mr. Burris did not exhaust his claim regarding a jury trial because he presents it for the first time in this habeas petition.  He did not present the claim to the PCRA court either at the initial review stage or in an appeal.  Mr. Burris again relies on *Martinez* to establish cause for his procedural default, and again we deny this argument because Mr. Burris had PCRA counsel and his claim is meritless, as explained below.

#### 2. Mr. Burris's trial-by-jury claim is meritless.

Mr. Burris claims he intended to ask for a jury trial, but his trial counsel interrupted him before he could.  The record does not support his argument.  Before the trial, Mr. Burris signed a written jury trial waiver colloquy.  Judge Kane questioned Mr. Burris at the start of trial to ensure Mr. Burris reviewed the waiver with his attorney and Mr. Burris understood the waiver.  Then, Judge Kane asked Mr. Burris, "It's your choice, judge or jury—judge trial or jury trial?"³⁷  Mr. Burris responded, "Judge."³⁸  The record reflects no counsel misconduct or prejudice to Mr. Burris as a result of his bench trial.  Mr. Burris's *Strickland* claim is meritless.

5

### C. Mr. Burris's claim regarding his failure to testify lacks merit.

Mr. Burris properly exhausted his testimony claim, so we turn directly to its merits.[39] Mr. Burris argues his trial counsel "provided inaccurate advi[c]e regarding Petitioner's right to testify,"[40] which prejudiced him because he wished to testify about the circumstances related to the crime. We disagree.

Mr. Burris fails to meet both *Strickland* prongs. Mr. Burris is correct the decision to testify on one's own behalf is "reserved for the client."[41] But as Judge Heffley noted, Mr. Burris has not explained how counsel's decision to keep him off the stand constituted an unreasonable strategy.[42] At trial, Mr. Burris's counsel told the court he had discussed with Mr. Burris whether he wished to testify, and Mr. Burris elected not to.[43] Mr. Burris does not argue his counsel misrepresented those facts, nor does he present evidence showing he did intend to testify at trial other than his own bare assertion. Finally, Mr. Burris has failed to argue how his testimony would have changed the outcome of the case. Mr. Burris's *Strickland* claim fails.

### D. Mr. Burris's claim regarding counsel's failure to call witnesses is procedurally defaulted and meritless.

Mr. Burris argues his trial counsel rendered ineffective assistance by failing to call witnesses who would have substantiated Mr. Burris's claim the victim consented to their encounter. This claim is procedurally defaulted and meritless.

#### 1. Mr. Burris's claim regarding counsel's failure to call witnesses is procedurally defaulted.

Mr. Burris's claim regarding trial counsel's failure to call witnesses is unexhausted. Mr. Burris raised the claim in his amended PCRA petition, but he did not raise the claim in his Statement of Matters. Mr. Burris's failure to appeal the claim means he did not " 'fairly present[]'" the claim through the state courts.[44]

6

Mr. Burris tries a new tact to excuse this procedural default, alleging he presented new evidence of "actual innocence" which excuses his default under the Supreme Court's decision in *McQuiggin v. Perkins*.[45] But Mr. Burris presents no new evidence, let alone evidence which would prevent a reasonable juror from finding him guilty beyond a reasonable doubt as *McQuiggin* requires.[46] Instead, Mr. Burris presents bare, unsubstantiated assertions in his petition, arguing counsel should have called other witnesses who would have testified he and the victim had a prior relationship. He attaches only one affidavit, from Erikca McGlond, in which she asserts she would have testified to Mr. Burris's and the victim's ongoing relationship. But Ms. McGlond testified at Mr. Burris's trial, saying she saw Mr. Burris and the victim in bed together at her house.[47] Mr. Burris has not presented the evidence required for a showing of actual innocence, so his claim is procedurally defaulted.

### 2. Mr. Burris's claim regarding counsel's failure to call witnesses is meritless.

Even assuming Mr. Burris exhausted this claim, it lacks merit. A claim regarding failure to call witnesses requires a showing under *Strickland*:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.[48]

As Judge Heffley found, Mr. Burris "has not come close to meeting these requirements."[49] Mr. Burris provides two names, Rodney Banks and Erica Miner, without affidavits or any other supporting evidence. Mr. Burris alleges Ms. McGlond could have informed his trial counsel of the other witnesses' whereabouts, yet counsel did not investigate. But none of Mr. Burris's allegations prove the witnesses even existed, let alone prepared to testify. Moreover, these witnesses' testimonies are unlikely to change the outcome of the trial.

7

Ms. McGlond already testified Mr. Burris and the victim spent time together at her house. Likewise, Mr. Burris's witnesses would have testified he and the victim had an existing relationship. Mr. Burris's *Strickland* claim is without merit.

### E. We deny a certificate of appealability.

"Unless a circuit justice or judge issue a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.[50]

When a district court rejects constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[51]

In *Slack v. McDaniel*, the Supreme Court explained when a district court denies a *habeas* petition on procedural grounds without reaching the underlying constitutional claim, a certificate of applicability should be issued "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[52] When a "plain procedural bar is present" and the district court correctly invokes it to dispose the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."[53]

Mr. Burris has not shown, and we cannot find our holding denying his ineffective trial counsel claim could be reasonably debated. Mr. Gonzalez has also not shown, and we cannot find our conclusions barring his claims based on procedural default would allow reasonable judges to debate the correctness of our ruling.

8

## III. Conclusion

Mr. Burris petitions for a writ of habeas corpus, alleging ineffective assistance of counsel. His claims are procedurally defaulted, meritless, or both. In the accompanying Order, we approve and adopt Judge Heffley's Report & Recommendation and dismiss Mr. Burris's habeas petition.

---

[1] ECF Doc. No. 20, Ex. C at 1.

[2] *Id.* at 1–2.

[3] 386 U.S. 738 (1967).

[4] ECF Doc. No. 20, Ex. C at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Pennsylvania Rule of Appellate Procedure 1925(a) requires a state trial court whose decision is appealed to issue a brief opinion explaining the decision.

[13] ECF Doc. No. 20, Ex. C.

[14] ECF Doc. No. 20, Ex. F.

[15] ECF Doc. No. 1.

[16] 28 U.S.C. § 2254(a).

[17] 28 U.S.C. § 2254(d).

[18] 28 U.S.C. § 2254(b)(1).

[19] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (as amended) (quoting *Evans v. Court of Common Pleas, Del. Cty., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992)).

[20] *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

[21] *Lewis v. Horn*, 581 F.3d 92, 106–07 (3d Cir. 2009).

[22] Petitioner's Amended Petition for Post-Conviction Relief at 2, filed Dec. 10, 2012.

[23] *Id.*

[24] ECF Doc. No. 20, Ex. C at 2.

[25] *Thomas v. Sec'y, Pa. Dep't of Corr.*, 495 F. App'x 200, 206 (3d Cir. 2012).

[26] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[27] 566 U.S. 1 (2012).

[28] *Martinez*, 566 U.S. at 14.

[29] *Id.*

[30] ECF Doc. No. 24 (Petitioner's Objections), at 5.

[31] 138 S. Ct. 1500 (2018).

[32] Cognizant of our duty to construe Mr. Burris's *pro se* petition liberally, we impute this argument to him.

[33] *See McCoy*, 138 S. Ct. at 1505 ("We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty.").

[34] *See United States v. Jose*, No. 14-652-10, 2018 WL 3747449, at *4 (E.D. Pa. Aug. 7, 2018) ("While *McCoy* instructs our guidance on the type of structural error warranting reversal on direct appeal, it could not directly address the waiver of *Strickland* prejudice applying when a convicted person seeks habeas relief."), *appeal filed*, No. 18-2848 (3d Cir. Aug. 20, 2018).

[35] N.T., D. Earl at 70-71, Sept. 17, 2008 (closing statement of defense) ("Mr. Burris never denied or disputed that [he and the victim] had relations.").

[36] ECF Doc. No. 21 (Report & Recommendation), at 8.

[37] *See* N.T. p. 5, Sept. 17, 2008. *Commonwealth v. Burris*, No. CP-51-CR-0000712-2008 (Pa. Ct. Com. Pl. Phila. Cty.).

[38] *Id.*

[39] ECF Doc. No. 20, Ex. F at 5.

[40] ECF Doc. No. 24, at 10.

[41] *McCoy v. Louisana*, 138 S. Ct. 1500, 1508.

[42] ECF Doc. No. 21, at 11.

[43] N.T., D. Earl at 67-68, Sept. 17, 2008, *Commonwealth v. Burris*, No. CP-51-CR-0000712-2008 (Pa. Ct. Com. Pl. Phila. Cty.).

[44] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (as amended) (quoting *Evans v. Court of Common Pleas, Del. Cty., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992)).

[45] 569 U.S. 383 (2013).

[46] *McQuiggin*, 569 U.S. at 386.

[47] N.T., E. McGland at 63, Sept. 17, 2008, *Commonwealth v. Burris*, No. CP-51-CR-0000712-2008 (Pa. Ct. Com. Pl. Phila. Cty. Sept. 17, 2008).

[48] *Moore v. DiGuglielmo*, 489 F. App'x 618, 625 (3d Cir. 2012) (citing *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003)).

[49] ECF Doc. No. 21, at 12.

[50] 28 U.S.C. § 2253(c)(1).

[51] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[52] *Id*.

[53] *Id*.